[No. 21222. Department One. October 9, 1928.]

H. A. ANSPACH, *Respondent*, v. EMANUEL SARACENO, *Appellant*.[1]

*Herbert C. Bryson* and *John C. Hurspool*, for appellant.

*Sharpstein & Smith*, for respondent.

PARKER, J.—The plaintiff, Anspach, commenced this action in the superior court for Walla Walla county seeking recovery for damage to his sedan automobile,

[1]Reported in 270 Pac. 811.

claimed as the result of the negligent driving of the defendant Saraceno's automobile truck by his son; the two vehicles coming from opposite directions into collision on a public highway a short distance southwesterly from the city of Walla Walla. The defendant, Saraceno, denied negligence on the part of the driver of his truck; and, seeking recovery for damage to his truck, alleged negligence on the part of Anspach, the driver of his sedan, as the proximate cause of the collision. Both the sedan and the truck suffered serious damage. Trial upon the merits before the court sitting with a jury resulted in verdict and judgment awarding to Anspach recovery of damages against Saraceno in the sum of $428.65, from which Saraceno has appealed to this court.

The evidence warranted the jurors in viewing the facts, as they evidently did view them, in substance, as follows: At the time in question, Anspach was driving his sedan northeasterly towards Walla Walla along the pavement of the highway, being well over to his right side of the pavement so as to furnish ample passing space on his left for automobiles coming in the opposite direction. At the same time, Saraceno's truck was being driven by his son in the opposite direction along the paved highway southwesterly. When they had approached within about three hundred feet of each other, the truck appeared to Anspach to be approaching him along a line too far over to his right, that is, too far over to its left. Anspach, however, then supposed, as he had a right to suppose, that the driver of the truck would timely turn to its right side of the pavement, since both were in plain view of each other and there appeared to be ample time for the driver of the truck to so turn before the cars would come dangerously close to each other.

The driver of the truck claims he was looking straight ahead, but he did not see Anspach's sedan approaching, though he momentarily noticed and waved to a friend who was standing near the highway. As they approached from that distance, Anspach noticed that the driver of the truck did not change his course. This caused Anspach to drive more to the right, still thinking he would avoid a collision by so proceeding; but when the cars were within ten or fifteen feet of each other, it then became plain to Anspach that they would collide, but it was then too late to avoid a collision. Both the truck and the sedan were being driven at moderate rates of speed well within the lawful speed limit under the circumstances. When the truck and sedan came into collision, the right wheels of Anspach's sedan were a foot or more off his right side of the pavement, he having so driven his sedan to his right to that extent to avoid colliding with Saraceno's truck. The cars struck each other on the left front of each, overlapping only about fourteen inches.

The principal contention here made in behalf of appellant, Saraceno, to which the much larger part of his counsel's brief is devoted, is that the evidence conclusively shows that Anspach had the "last clear chance" to avoid the collision; the argument being that his seeing the truck approaching and being conscious of its driver's continuing negligence up until the time of the collision—that is, Saraceno's continued negligence in driving on the wrong side of the pavement— and Anspach having timely opportunity to drive further off the pavement to his right and thus avoid the collision, the trial court should have decided, as a matter of law, that Anspach had the "last clear chance" to avoid the collision, and accordingly taken the case from the consideration of the jury in response

to motions timely made in that behalf by counsel for Saraceno.

It seems plain to us that the trial court should not have so disposed of the case. It seems clear to us, as it manifestly did to the trial judge, that reasonable minds could differ as to whether, under the circumstances, Anspach was called upon to do more than he did towards avoiding the collision. In other words, it could not be decided, as a matter of law, that Anspach had the last clear chance to avoid the collision, though it may be conceded, for the purpose of argument, that the jury might have so found as a matter of fact.

It is contended that, in any event, Saraceno is entitled to a new trial because of the erroneous refusal of the court to give certain of his counsel's requested instructions expounding the doctrine of "last clear chance," as applicable to the case. These requested instructions are, we think, subject to some criticism as to their technical correctness, but they are subject to criticism more particularly as to their elaborate nature. In this respect, they seem to us to have been such as to confuse, rather than enlighten, the minds of lay jurors. However, the doctrine of "last clear chance," assuming for argument's sake that it was proper to be considered in the case, was amply covered by instructions which the trial judge gave in his own language fully as favorable to Saraceno as he was entitled to have any such instructions given.

Some further contention is made looking to a new trial rested upon alleged misconduct of a juror. This question was submitted to the trial court upon affidavits both in support of and in opposition to a showing of such misconduct. We think it sufficient to say that we are well satisfied that the court did not err in refusing a new trial claimed upon that ground. Other claims of error we regard as not well grounded

316

and not of sufficient moment to call for further discussion.

The judgment is affirmed.

FULLERTON, C. J., TOLMAN, MITCHELL, and FRENCH, JJ., concur.